No. 24-5799

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CARLOS SANCHEZ,

*Plaintiff-Petitioner*,

v.

SAM'S WEST, INC.,

*Defendant-Respondent.*

**MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PLAINTIFF-PETITIONER CARLOS SANCHEZ'S PETITION FOR LEAVE TO APPEAL ORDER DENYING CLASS CERTIFICATION OF PETITIONER'S PROPOSED MONETARY RELIEF CLASS PURSUANT TO RULE 23(f)**

Marcus J. Bradley
Kiley L. Grombacher
Lisa Johnston Nicholes
**BRADLEY/GROMBACHER, LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
ljnicholes@bradleygrombacher.com

*Counsel for Plaintiff-Petitioner*

i

As explained in the Petition, Rule 23(f) review is warranted because the district court's Order denying certification of Petitioner's proposed Monetary Relief Class: (1) contains a manifest error of the law from *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036 (2016) and *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918 (9th Cir. 2019); (2) raises important, unanswered questions about whether and to what extent the availability of time adjustments for regularly occurring off-the-clock work can defeat class certification without violating *Troester v. Starbucks Corp.*, 5 Cal.5th 829, 848 (2019); and (3) rests on, at best, questionable reasoning and acts as a death-knell to Petitioner's and putative class members' claims against SWI. This Court regularly grants motions for leave to file reply briefs in support of Rule 23(f) petitions. *See, e.g.*, *Joseph Mier v. CVS Health, et al*, No. 22-80049, Dkt. 5 (9th Cir. July 12, 2022); *Painters & Allied Trades Dist. Council 82 Healt* [sic]*, et al v. Takeda Pharmaceutical Company Limited, et al*, No. 23-80051 (9th Cir. Aug. 23, 2023); *Cat Brooks, et al v. Thomson Reuters Corp.*, No. 23-80070, Dkt 13 (Nov. 17, 2023).

A short Reply brief responding to SWI's contentions in its Answer will assist the Court in considering the Petition. For example, SWI claims that *Tyson Foods* holds that a statistically valid representative sample can only show predominance of common questions of law or fact if the moving party can point to a common policy **and** if the sample participants have identical experiences under the common policy. (Answer pp. 19-22.) Petitioner's Reply explains that this argument impermissibly

1

distorts *Tyson Foods* and ignores *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918 (9th Cir. 2019).

SWI also erroneously asserts that Petitioner argues that *Troester v. Starbucks Corp.*, 5 Cal.5th 829, 848 (2019) "provide[s] that time adjustments are illegal as a matter of law." (Answer p. 16.) Not even remotely close. Petitioner argues that the interplay between time adjustments and *Troester* in the wage and hour class action certification analysis is an unanswered question that warrants review under *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005). SWI's grossly inaccurate argument about time adjustments and Petitioner's interpretation of *Troester* warrants correction via a Reply brief.

Lastly, SWI misrepresents *Chamberlan*'s "death-knell" factor and fails to address the law which renders the district court's Order questionable.

Petitioner therefore respectfully requests that the Court grant this Motion for Leave to File Reply and consider the attached Reply Brief in resolving Petitioner's Rule 23(f) Petition.

///

///

///

///

///

Respectfully submitted,

Dated: October 8, 2024

/s/ *Lisa Johnston Nicholes*
Lisa Johnston Nicholes
**Bradley/Grombacher LLP**
31365 Oak Crest Dr., Suite 240
Westlake Village, CA 91361
Telephone: 805-270-7100
Facsimile: (805) 270-7589
Email:
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
ljnicholes@bradleygrombacher.com
Counsel for Plaintiff-Petitioner